United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANDRA WILLIAMS,
Plaintiff,
v.
NORDSTROM, INC.,
Defendant.

Case No. 26-cv-09409-HSG

**ORDER GRANTING MOTION FOR LEAVE TO AMEND; REMANDING CASE; CLOSING FILE**

Re: Dkt. Nos. 6, 14, 22

Pending before the Court are three motions: (1) Defendant's motion to dismiss, Dkt. No. 6; (2) Plaintiff's motion to remand, Dkt. No. 14; and (3) Plaintiff's "Miscellaneous Administrative Motion for Leave to File a Second Amended Complaint to Name a Non-Diverse Defendant and to Consolidate Hearings," Dkt. No. 22 ("Leave Mot.").[1] The Court found this matter appropriate for disposition without oral argument and the matter is deemed submitted. N.D. Cal. Civ. L.R. 7-1(b).

For the reasons detailed below, the Court **GRANTS** Plaintiff's motion for leave to amend. Because joinder destroys complete diversity, the Court remands the case to California state court.

## I. BACKGROUND

Plaintiff initially filed this case in Contra Costa County Superior Court on July 30, 2026. *See* Dkt. No. 1 ("Removal Mot."), Ex. 1 ("Compl."). Plaintiff alleges that after purchasing "several hundred dollars" of clothing at a Nordstrom Rack, she was falsely accused of shoplifting

[1] Plaintiff filed this motion under Northern District of California Civil Local Rule 7-11. Having reviewed the motion, the Court found that it should be treated as a noticed motion rather than an administrative motion, and ordered it set for a hearing. Dkt. No. 26. By that time, Defendant had already filed an opposition addressing both procedural and substantive arguments, Dkt. No. 23, and Plaintiff had replied, Dkt. No. 25.

a $2.99 can of Coca-Cola and subject to false imprisonment, among other causes of action. *Id.* ¶¶ 7–23. Plaintiff sues Nordstrom Rack under theories of "corporate ratification" and "fraudulent concealment." *Id.* ¶¶ 24–28.

Defendant removed the case to federal court based on diversity jurisdiction. Removal Mot. at 1–2 (citing 28 U.S.C. § 1332). Plaintiff is a California citizen and Defendant is a Washington citizen. *Id.* at 2.

Plaintiff moves for leave to amend the Complaint to name a second defendant: Oscar Sarabia, Leave Mot. at 1–2, who is the alleged "primary tortfeasor who was directly involved in the underlying incident" as the "Loss Prevention" personnel named as "Defendant Doe 1" in the Complaint, Dkt. No. 25 ("Leave R.") at 3; Compl. ¶¶ 13–23; Dkt No. 23-1, Ex. 1 at 1, Ex. 2 at 1.[2]

The parties do not dispute that Mr. Sarabia would be a non-diverse defendant if joined to this case, and that if leave to amend is granted the case must be remanded for lack of diversity jurisdiction. *See generally* Dkt. No. 23 ("Leave Opp.").

## II. LEGAL STANDARD

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court has discretion to grant or deny joinder under such circumstances. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In determining whether to permit joinder of non-diverse defendants, courts generally consider whether: (1) the new defendants should be joined under Rule 19(a) as "needed for just adjudication;" (2) the statute of limitations would preclude an action against the new defendants in state court; (3) there has been unexplained delay in requesting joinder; (4) joinder is intended

[2] The Court takes judicial notice of these filings, which were made in the Contra Costa County Superior Court before removal to this Court. Fed. R. Evid. 201(c)(1). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (internal quotations omitted) (citing Fed. R. Evid. 201(b)). The rule applies where the fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (quotation omitted). Thus, courts "may take judicial notice of matters of public record" but not "disputed facts contained in such public records." *Id.* (citation omitted). These are Plaintiff's Complaints from the state court proceedings and are matters of public record.

United States District Court
Northern District of California

solely to defeat federal jurisdiction; (5) the claims against the new defendants appear valid; and (6) denial of joinder would prejudice the plaintiff. *Yue v. Mercedes-Benz USA, LLC*, No. 25-cv-11115-EJD, 2026 WL 1590114, at *2 (N.D. Cal. June 3, 2026); *see IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1010–11 (N.D. Cal. 2000) (collecting cases). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, No. 09-cv-03823-SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010). "Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." *IBC*, 125 F. Supp 2d. at 1011 (citation omitted). Thus, "joinder coupled with remand may be more attractive than either dismissal under [C]ivil [R]ule 19(b) or denial of joinder." *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534 (N.D. Cal. 1989) (citation omitted).

## III. DISCUSSION

Under the circumstances, the Court finds that the Section 1447(e) factors weigh in Plaintiff's favor.

The first factor is "less restrictive" than Defendant suggests, requiring only that "failure to join will lead to separate and redundant actions." *Compare Yue*, 2026 WL 1590114, at *2 *with* Leave Opp. at 4. And that would occur here, given that Plaintiff avers she will pursue litigation against Mr. Sarabia. Leave R. at 4. Nor is Mr. Sarabia "tangentially related to the cause" for purposes of the first factor, since he is alleged to be the "primary tortfeasor." *Compare Yue*, 2026 WL 1590114, at *2 *with id.* at 3. The sixth factor of prejudice is relatedly present in this case, because denying joinder here will force Plaintiff to "litigate a redundant, parallel lawsuit," unnecessarily consuming judicial and party resources and creating the risk of inconsistent judgments. Leave R. at 4.

Defendant argues under the third and fourth factors that Plaintiff's only motivation for seeking leave to amend is to defeat diversity jurisdiction because Mr. Sarabia could have been added sooner. Leave Opp. at 5. But Mr. Sarabia is not a random defendant whose attempted joinder might suggest an intent to simply destroy jurisdiction. Instead, he is the primary alleged

personal defendant. Leave R. at 3. And while Defendant is correct that it was "under no legal obligation to disclose the [person's] identity prior to discovery," Leave Opp. at 5 (citing *Newcombe*, 157 F.3d at 690), that is irrelevant. Rather, from the onset of this litigation, Plaintiff sought to identify and then sue Mr. Sarabia: the first Complaint listed "Oscar, (Loss Prevention Agent, Last Name Unknown)," and then Plaintiff substituted a John Doe pleading to replace that incomplete name. Leave Mot. at 3–4 ¶ 3; *see* Dkt No. 23-1, Ex. 1 at 1, Ex. 2 at 1. Further, Plaintiff explained her delay in naming Mr. Sarabia: she originally did not have his surname, worked to discover that information, and filed this motion "immediately" thereafter. Leave Mot. at 3–4 ¶¶ 1–5; Leave R. at 2–3.

Finally, Defendant does not meaningfully challenge the facial viability of the claims against Mr. Sarabia for the purposes of the fifth factor. These factors weigh in favor of leave to amend and remand, even though the statute of limitations has not yet run. Leave Opp. at 4.

In short, having considered the applicable standard, the Court finds that there is no good reason to require two separate parallel actions where the critical facts to be determined substantially if not entirely overlap.

## IV. CONCLUSION

The Court **GRANTS** Plaintiff's motion for leave to amend. Dkt. No. 22. The Court **DEEMS** the Second Amended Complaint filed. Dkt. No. 22-1.

Having granted the motion for leave to amend, there is no longer complete diversity of citizenship, and the Court lacks subject matter jurisdiction. The Court therefore **REMANDS** the case to Contra Costa County Superior Court. 28 U.S.C. § 1447(c), (e) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). This **TERMINATES AS MOOT** the pending motion to dismiss, Dkt. No. 6, and motion to remand, Dkt. No. 14. The Clerk is **DIRECTED** to close the file.

**IT IS SO ORDERED.**

Dated: November 18, 2026

HAYWOOD S. GILLIAM, JR.
United States District Judge